UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

ANJA K. KANNELL,
    Plaintiff,

v.                                   7:20-cv-1575-CLM-NAD

RICHARD GRIFFIN, et al.,
    Defendants.

## MEMORANDUM OPINION

Plaintiff Anja K. Kannell filed a pro se amended complaint under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of her Eighth Amendment rights in connection with her medical and dental care while incarcerated at FCI Aliceville. (Doc. 15). The magistrate judge entered a report recommending the court dismiss this case with prejudice under 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted because Kannell's claims are untimely. (Doc. 22) The magistrate judge advised Kannell of her right to file specific written objections within 14 days of his recommendation. (*Id.*) Kannell timely objected to the report and recommendation. (Doc. 23).

In her objections (liberally construed), Kannell contends that her claims against the defendants are continuing, so they aren't barred by the applicable statute of limitations. (*Id.* at 1, 3).

The continuing violation doctrine allows a plaintiff to bring "an otherwise time-barred claim when additional violations of the law occur within the statutory period." *McGroarty v. Swearingen*, 977 F.3d 1302, 1307 (11th Cir. 2020) (quoting *Center for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1334 (11th Cir. 2006)). In applying the continuing violation doctrine, the Eleventh Circuit "distinguishes between the present

1

consequence of a one time violation, which does not extend the limitations period, and the continuation of that violation into the present, which does." *Id.* (quoting *Hamilton*, 453 F.3d at 1335). And the Eleventh Circuit limits the continuing violation doctrine to cases where a reasonably prudent plaintiff would have been unable to determine that a violation had occurred in the first place. *See Hamilton*, 453 F.3d at 1335. So if something should have alerted a reasonable plaintiff to assert her rights, she cannot rely on the continuing violation doctrine. *Id.*

Kannell alleges in her amended complaint that the defendants failed to provide her medical and dental care between 2015 and 2017. (Doc. 15 at 5–6). A reasonably prudent plaintiff in Kannell's situation would have known that the alleged violations had occurred by that time.

Indeed, Kannell acknowledges "that by 2017[,] Ms. Kannell knew that she was not receiving the proper medical care." (Doc. 23 at 3). Because Kannell was aware that the defendants had denied her medical and dental care between 2015 and 2017, the continuing violation doctrine doesn't apply, and the statute of limitations bars Kannell's claims.[1]

And to the extent that Kannell contends that medical and dental staff have failed to provide her adequate treatment more recently, she hasn't connected any of these alleged constitutional violations to the named defendants. (Doc. 15 at 5–6).

Having considered the record, the magistrate judge's report, and Kannell's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation and 28 U.S.C.

---

[1] In her objections, Kannell also states that she "filed a tort claim" in March 2020. (Doc. 23 at 1). She alleges that her claim was denied in August 2020 and that she was advised that she could appeal the denial in a civil action in federal court. (*Id.*). On October 5, 2020, Kanell filed this case against the Bureau of Prisons (BOP). The court then notified Kannell that her original complaint against BOP was deficient. (Doc. 14 at 1). The court advised Kannell that to the extent she sought to assert claims under the Federal Tort Claims Act (FTCA), the United States is the only proper defendant. (*Id.* at 2). The court directed Kannell to amend her complaint within 20 days. (*Id.* at 3). In her amended complaint, Kannell brought claims under *Bivens* against Defendants Griffith, Coshatt, and Eli. (Doc. 15). Kannell didn't name the United States as a defendant or allege claims under the FTCA in her amended complaint. (*Id.*).

§ 1915A(b)(1), the court will dismiss this case with prejudice because Kannell's claims are untimely.

The court will enter a separate final judgment that closes this case.

**Done** on July 5, 2022

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE